**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

 ARTISAN AND TRUCKERS CASUALTY CO.,
A Wisconsin Corporation,

     Plaintiff

vs.

JESUS PUEBLA, an individual,
LUCKY 22, INC., a Colorado Corporation,
CHRISTIAN GODINEZ, an individual,
ABIGAIL GODINEZ, an individual,
STEVEN EVERTS, an individual,
DESIREE EVERTS, an individual,
OSCAR BUSTILLO, an individual,
F. B., a minor,
TATYANA BLAK, individually and as natural parent of F. B.,
JESUS PENA, an individual,

     Defendants

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

     Plaintiff, Artisan and Truckers Casualty Co. ("Artisan"), by and through its counsel, Pearl ♦ Schneider ♦ Young LLC, hereby submits the following Complaint for Declaratory Judgment. In support of its Complaint, Artisan alleges as follows:

## I.     THE PARTIES, JURISDICTION AND VENUE

     1.     This action is brought by Artisan seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 in order to have this Court adjudicate and declare the rights, status, obligations, and other legal relations of the parties hereto.

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 because this is an action between citizens of different states and the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs of suit. The subject accident from which this case arises involves five fatalities and potentially, four additional bodily injury claims. In support thereof, the Civil Case Cover Sheet from the underlying action commenced by Defendant Steven Everts and Defendant Desiree Everts demonstrates that these defendants are seeking a monetary judgment for more than $100,000, which exceeds the jurisdictional minimum of $75,000.00. *See* Civil Case Cover Sheet from Underlying Action, *Everts et al v. Puebla et al,* attached hereto as **Exhibit 1**.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

4.      Plaintiff Artisan is an insurance company incorporated in the State of Wisconsin with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, OH 44143.

5.      Upon information and belief, Defendant Jesus Puebla ("Defendant Puebla") is an individual who resides at 16503 E. 49th Ave., Denver, CO 80239.

6.      Upon information and belief, Defendant Lucky 22 Inc. ("Defendant Lucky 22") is a corporation incorporated in the State of Colorado with its principal place of business located at 9400 W. 67th Pl, Arvada, CO 80004. Upon information and belief, the owner of Defendant Lucky 22 is Carlos Raul Coreas Araujo.

7.      Upon information and belief, Defendant Christian Godinez ("Defendant Christian Godinez") is an individual who resides at 3506 Hoback, Gillette, WY 82718. Defendant Christian Godinez is represented by Metier Law Firm, LLC.

8.      Upon information and belief, Defendant Abigail Godinez ("Defendant Abigail Godinez", collectively, "Godinez Defendants") is an individual who resides at 3415 Goldenrod Ave, Gillette WY 82716. Defendant Abigail Godinez is represented by Metier Law Firm, LLC.

9.      Upon information and belief, Defendant Steven Everts ("Defendant Steven Everts") is an individual who resides at 32 Sierra Circle, Gillette, WY 82716. Defendant Steven Everts is represented by Jordan Herington & Rowley and Bowman Law, LLC.

10.     Upon information and belief, Defendant Desiree Everts ("Defendant Desiree Everts", collectively, "Everts Defendants") is an individual who resides at 32 Sierra Circle, Gillette, WY 82716. Defendant Desiree Everts is represented by Jordan Herington & Rowley and Bowman Law, LLC

11.     The Godinez Defendants are the plaintiffs in a federal court action filed against, *inter alia*, Defendant Puebla and Defendant Lucky 22, captioned *Christian Godinez and Abigail Godinez v. Jesus Puebla, Individually, Jose Maurico Coreas d/b/a Caminantes Trucking, Carlos Coreas, individually, Lucky 22 Inc., a Colorado Corporation, John Does 1-5, John Does Companies 1-5*, pending in the United States District Court, District of Colorado, Case Number 22-cv-02606-NYW-NRN (hereinafter referred to as "Underlying Godinez Action"). *See* First Amended Complaint and Jury Demand in the Underlying Godinez Action, attached hereto as **Exhibit 2**.

12.     The Everts Defendants are the plaintiffs in a state court action filed against, *inter alia*, Defendant Puebla and Defendant Lucky 22, captioned *Steven Everts and Desiree Everts v. Jesus Puebla, individually, Caminantes Transportation Inc d/b/a Caminantes Trucking, Carlos Coreas a/k/a Carlos Araujo, individually, Lucky 22, Inc., a Colorado Corporation, Paris West*

*Trucking, Inc., a Colorado Corporation,* pending in the Jefferson County District Court, State of Colorado, Case Number 2023CV30175 (hereinafter referred to as "Underlying Everts Action", collectively "Underlying Actions"). *See* Complaint and Jury Demand in the Underlying Everts Action, attached hereto as **Exhibit 3**.

13.    Upon information and belief, Oscar Bustillo ("Defendant Bustillo") is an individual residing at 2126 79th Ave, Greeley, CO 80634. Defendant Bustillo is represented by Malik Law, LLC.

14.    Upon information and belief, Defendant F.B., a minor, is an individual residing at 17507 E. 61st Ave,  APT 213, Denver, CO 80249.

15.    Upon information and belief, Defendant Tatyana Blak ("Defendant Blak") is an individual residing at 17507 E. 61st Ave,  APT 213, Denver, CO 80249. Upon information and belief, Defendant Blak is the natural mother of Defendant F.B.

16.    Upon information and belief, Defendant Jesus Pena ("Defendant Pena") is an individual residing at 426 Celtic Dr, Palmdale, CA 93551.

## II.    BACKGROUND FACTS

17.    Both Underlying Actions and the claims of Defendant Bustillo, Defendant F.B., Defendant Blak and Defendant Pena arise out of a four-vehicle accident that occurred on or about June 13, 2022, at approximately 1:27p.m. ("Accident"). The Accident involved a 1999 Kenworth T800 being operated by Defendant Puebla ("Truck"), a 2015 Ford Edge being operated by Aaron Godinez (deceased), a 2013 Ford Focus being operated by Defendant Bustillo, and a 2021 Mitsubishi Outlander being operated by Defendant Blak.

18.     At the time of the Accident, Aaron Godinez had four passengers in his Ford Edge: Halie Everts (deceased), Tessleigh Godinez, a minor (deceased), Christina Godines (deceased), and Emiliano Godines (deceased).

19.     At the time of the Accident, Defendant Blak had two passengers: Defendant F.B. and Defendant Pena.

20.     Both Underlying Actions allege that at the time of the Accident, Defendant Puebla was in the course and scope of working for Defendant Lucky 22.

21.     At the time of the Accident, the registered owner of the Truck was Carlos Raul Coreas.

22.     Carlos Raul Coreas purchased the Truck on June 30, 2017. *See* Colorado Vehicle Registration of the Truck, attached hereto as **Exhibit 4**.

23.     Upon information and belief, Defendant Puebla drove the Truck for some time prior to the Accident.

24.     At the time of the Accident, the Truck was not described on the Declarations Page of the Artisan Policy. A copy of the applicable Artisan Policy is attached hereto as **Exhibit 5** and incorporated herein by reference.

25.     After the Accident, at 2:49p.m., Lucky 22 made the request to add the Truck to the Artisan Policy.  *See* **Exhibit 6**.

26.     The Truck was added to the applicable Artisan Policy after the Accident. *See* **Exhibit 7**.

**A.**    **Underlying Godinez Action**

27.    On October 4, 2022, the Godinez Defendants, as the surviving children and heirs of Emiliano and Christina Godines, deceased, filed their Complaint in the Underlying Godinez Action against, *inter alia,* Defendant Puebla and Defendant Lucky 22. *See Exh. 2.* Claims of negligence and/or recklessness, negligence *per se*, and outrageous conduct have been asserted against Defendant Puebla. *Id.* Claims of vicarious liability, negligent and/or reckless training and supervision, outrageous conduct, civil conspiracy, negligent entrustment have been asserted against Defendant Lucky 22 as the purported employer and principal of Defendant Puebla. *Id.*

28.    Artisan is providing a defense to Defendant Puebla and Defendant Lucky 22 in the Underlying Godinez Action, under a reservation of rights.

**B.**    **Underlying Everts Action**

29.    On February 9, 2023, the Everts Defendants, as the surviving parents and heirs of Halie Everts, deceased, filed their Complaint in the Underlying Everts Action, asserting claims against, *inter alia,* Defendant Puebla and Defendant Lucky 22. *See Exh. 3.* Claims of negligence and/or recklessness and negligence *per se* have been asserted against Defendant Puebla. *Id.* Claims of negligence, vicarious liability, negligent and/or reckless training and supervision, negligent entrustment have been asserted against Defendant Lucky 22, as the purported employer of Defendant Puebla. *Id.*

30.    Artisan is providing a defense to Defendant Puebla and Defendant Lucky 22 in the Underlying Everts Action, under a reservation of rights.

## III.        THE APPLICABLE POLICY

31.    Plaintiff issued to Defendant Lucky 22 a policy of commercial auto insurance,

policy no. 952248958, policy period from September 10, 2021 through September 10, 2022,

which provided combined single limits of $1,000,000 (hereinafter referred to as "Artisan

Policy"). *See Exh. 5.*

32.    The Artisan Policy states, in pertinent part:

### PART I—LIABILITY TO OTHERS

### INSURING AGREEMENT—LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for
liability coverage for the **insured auto** involved, **we** will pay
damages, other than punitive or exemplary damages, for **bodily
injury, property damage,** and **covered pollution cost or expense**
for which an **insured** becomes legally responsible because of an
**accident** arising out of the ownership, maintenance or use of that
insured **auto**. However, **we** will only pay for the **covered pollution
cost or expense** if the same **accident** also caused **bodily injury** or
**property damage** to which this insurance applies.

*Id.* (emphasis in original).

33.    The following terms used throughout the Artisan Policy are defined as follows:

6.    "**Insured auto**" or "**your insured auto**" means:
a.    Any **auto** specifically described on the **declarations
page**; or
b.    An additional **auto** for Part I—Liability To Others
and/or Part II—Damage To Your Auto *on the date
you become the owner* if:
(i)    **you** acquire the **auto** during the policy
period shown on the **declarations page**;
(ii)    **we** insure all **autos** owned by **you** that are
used in **your** business;
(iii)    no other insurance policy provides coverage
for that **auto**; and

(iv)     **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

***

c.     Any replacement **auto** *on the date* **you** *become the owner if*:

(i)     **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii)    the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

(iii)   no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30-day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits, or make any other changes to **your** policy during this 30-day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes.

***

10.    "**Mobile equipment**" means any of the following types of land vehicles, including, but not limited to, any attached machinery or equipment:… However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor

vehicle insurance law in the state or province where it is licensed or principally garaged.

\*\*\*

17.    "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a *temporary* substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** *does not include any auto available for the regular or frequent use* of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

\*\*\*

20.    "**We**", "**us**" and "**our**" mean the company providing this insurance as shown on the **declarations page**.

21.    "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

*Id.* (emphasis in bold in original, emphasis in italics added).

34.    Further, **PART I - LIABILITY TO OTHERS** additionally provides the following definitions:

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A.    When used in Part I—Liability To Others, **insured** means:

1.    **You** with respect to an **insured auto**.

2.    Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:

(a)    Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.

(b)    Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).

(c)     The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

(d)     The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

***

B.     When used in Part I—Liability To Others, **insured auto** also includes:

1.     **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;

2.     **Mobile equipment** while being carried or towed by an **insured auto**;

3.     Any **temporary substitute auto**; and

4.     **Mobile equipment** that is…

*Id.* (emphasis in original).

35.     The Declarations Page in effect at the time of the Accident listed Sergio Burciaga and Fernando A. Robles as Rated Drivers under the Artisan Policy. *Id.*, pp. 2-5.

36.     At the time of the Accident, the Truck was not described on the Declarations Policy. *Id.*

37.     The MCS-90 endorsement on the Artisan Policy states, in pertinent part:

Issued to:     <u>LUCY 22 INC, LUCKY 22 INC.</u>
                    (Motor Carrier name)

*Id.*

## IV.    FIRST CLAIM FOR RELIEF
**(Declaratory Relief that no duty to defend or indemnify Defendant Puebla and/or
Defendant Lucky 22 exists under the Artisan Policy)**

38.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations
contained in paragraphs 1 through 37 above.

39.    Artisan seeks a declaration that the Artisan Policy does not afford coverage to
Defendant Puebla and/or Defendant Lucky 22 for any claims arising from or related to the
Accident, including those being asserted by the Godinez Defendants, Everts Defendants,
Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena.

40.    Specifically, there is no coverage because the Truck does not meet the definition
of an "insured auto." The Truck was not specifically described on the declarations page at the
time of the Accident, as it was added after the Accident had already occurred. Further, the Truck
does not meet the definition of "additional auto" or "replacement auto" because Defendant
Lucky 22 was not nor did it become the owner of the Truck during all relevant times. The Truck
does not meet the definition of "temporary substitute auto" because Defendant Lucky 22's use of
the Truck was not temporary, the Truck did not substitute any "insured auto," the Truck was
available for the regular use of its employees, and the Truck was not insured under any policy of
insurance at the time of the Accident. Further, The Truck does not meet the definition of a
"trailer" or "mobile equipment."

41.    Accordingly, Artisan has no duty to defend or indemnify Defendant Puebla and/or
Defendant Lucky 22 under the Artisan Policy for any damages awarded to the Godinez
Defendants, Everts Defendants, Defendant Bustillo, Defendant Blak, Defendant F.B., and/or
Defendant Pena, as a result of the Accident.

42.     There exists a real, substantial, and justifiable issue in controversy between the parties hereto with respect to insurance coverage under the Artisan Policy and the rights and obligations of Artisan.

43.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, for the purpose of determining a question in actual controversy between the parties.

44.     A judicial determination and a declaration of the rights and/or obligations of the parties are necessary and appropriate at this time.

45.     Artisan requests that the Court determine whether Artisan has an obligation under the Artisan Policy to defend and/or indemnify Defendant Puebla and/or Defendant Lucky 22 in connection with any of the claims asserted by the Godinez Defendants, Everts Defendants, Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena, which Artisan denies.

### V.     SECOND CLAIM FOR RELIEF
#### (Reimbursement of defense costs)

46.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 45 above.

47.     Plaintiff is entitled to reimbursement of any and all defense costs from Defendant Puebla and/or Defendant Lucky 22, including, but not limited to, attorney fees and costs incurred in both Underlying Actions and incurred in defending the claims asserted by Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena.

## VI.        THIRD CLAIM FOR RELIEF
### (Declaratory Relief that no duty to defend any party under the MCS-90 endorsement on the Artisan Policy)

48.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 47 above.

49.    Artisan seeks a declaration that Artisan has no duty under the MCS-90 endorsement on the Artisan Policy to defend any individual or entity against claims arising from or related to the Accident, including but not limited to those being asserted by the Godinez Defendants, Everts Defendants, Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena.

50.    Specifically, there is no duty to defend because under the applicable federal regulations, the MCS 90 endorsement does not create any duty upon the insurer to defend.

51.    There exists a real, substantial, and justifiable issue in controversy between the parties hereto with respect to the rights and obligations of Artisan.

52.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, for the purpose of determining a question in actual controversy between the parties.

53.    A judicial determination and a declaration of the rights and/or obligations of the parties are necessary and appropriate at this time.

54.    Artisan requests that the Court determine whether Artisan has an obligation under the MCS-90 endorsement on the Artisan Policy to defend any individual or entity against claims arising from or related to the Accident, including but not limited to those being asserted by the

Godinez Defendants, Everts Defendants, Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena.

## VII.    THIRD CLAIM FOR RELIEF
### (Declaratory Relief that Artisan has no indemnification/surety obligation under the MCS 90 endorsement against any individual or entity other than Defendant Lucky 22)

55.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 54 above.

56.    Artisan seeks a declaration that Artisan has no indemnification and/or surety obligation under the MCS-90 endorsement on the Artisan Policy with respect to the claims alleged against any individual or entity other than Defendant Lucky 22, arising from or related to the Accident, including but not limited to those being asserted by the Godinez Defendants, Everts Defendants, Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena.

57.    Specifically, any surety obligation under the MCS 90 endorsement, to the extent one exists, extends only to a final judgment obtained against the motor carrier listed on the face of the MCS 90 endorsement.

58.    There exists a real, substantial, and justifiable issue in controversy between the parties hereto with respect to the rights and obligations of Artisan.

59.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, for the purpose of determining a question in actual controversy between the parties.

60.    A judicial determination and a declaration of the rights and/or obligations of the parties are necessary and appropriate at this time.

61.     Artisan requests that the Court determine whether Artisan has an indemnification/surety obligation under the MCS-90 endorsement on the Artisan Policy to any individual or entity other than Derfendant Lucky 22, against claims arising from or related to the Accident, including but not limited to those being asserted by the Godinez Defendants, Everts Defendants, Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena.

**WHEREFORE**, Plaintiff, Artisan and Truckers Casualty Company, prays for the following relief:

1.     A declaration that the Artisan Policy does not afford coverage to Defendant Puebla and/or Defendant Lucky 22 for the damages being claimed in the Underlying Godinez Action, Underlying Everts Action, or those damages being claimed by Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena, arising from or related to the Accident;

2.     A declaration that Artisan has no duty under the Artisan Policy to defend Defendant Puebla and/or Lucky 22 in the Underlying Godinez Action, Underlying Everts Action, or from or against any claims being asserted by Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena, arising from or related to the Accident;

3.     A declaration that Artisan has no duty under the Artisan Policy to indemnify Defendant Puebla and/or Lucky 22 for any damages awarded in the Underlying Godinez Action, Underlying Everts Action, or any damages awarded to Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena, arising from or related to the Accident;

4.     An award of damages as against Defendant Puebla and/or Defendant Lucky 22, equal to the attorney fees and defenses costs it incurred in the Underlying Godinez Action, Underlying Everts Action, and those incurred in defending from or against the claims asserted by Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena;

5.     A declaration that Artisan has no duty to defend any party under the MCS-90 endorsement on the Artisan Policy, from or against claims arising from or related to the Accident, including but not limited to those being asserted in the Underlying Godinez Action, Underlying Everts Action, or those

claims being asserted by Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena;

6.      A declaration that Artisan has no indemnification and/or surety obligation under the MCS-90 endorsement on the Artisan Policy with respect to the claims alleged against any individual or entity other than Defendant Lucky 22, arising from or related to the Accident, including but not limited to those claims being asserted in the Underlying Godinez Action, Underlying Everts Action, or those claims being asserted by Defendant Bustillo, Defendant Blak, Defendant F.B., and/or Defendant Pena;

7.      An award of costs and interest as permitted by law; and

8.      Such other and further relief as the Court may deem proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ISSUES SO TRIABLE.**

Respectfully submitted this 5th day of June, 2023.


*/s/ Claire Y. Lee-Hsu*
_____
Claire Y. Lee-Hsu
Pearl ♦ Schneider ♦ Young LLC
165 South Union Blvd, Suite 466
Lakewood, CO  80228
Phone: (303) 515-6800
Fax:  (303) 515-6850
E-Mail:  chsu@pearlschneider.com
**ATTORNEY FOR PLAINTIFF**