# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02606-NYW

CHRISTIAN GODINEZ and
ABIGAIL GODINEZ,

        Plaintiffs,

v.

JESUS PUEBLA, individually,
JOSE MAURICIO COREAS d/b/a CAMINANTES TRUCKING,
CARLOS COREAS, individually,
LUCKY 22, INC., a Colorado Corporation
JOHN DOES 1-5,
JOHN DOE COMPANIES 1-5,

        Defendants.

## FIRST AMENDED COMPLAINT AND JURY DEMAND

      Plaintiffs, by and through their undersigned attorney, Grant H. Lawson of The Metier

Law Firm, LLC, bring this wrongful death action pursuant to the laws of the State of Colorado

and for their causes of action and claims for relief against the Defendants, state and allege as

follows:

### PARTIES, JURISDICTION AND VENUE

1.     This is an action in diversity under 28 U.S.C. § 1332 for the wrongful deaths of

        Emiliano Godines and Christina Godines which stem from a traffic crash with damages

        well in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and

        costs.

2.     Venue is proper in the United States District Court, District of Colorado, pursuant to

        28 U.S.C. § 1391(b)(3), and additionally for the reasons stated below.

3.     The persons making claims for the wrongful death of Emiliano Godines, pursuant to

their rights under applicable law, are:

    a.      Christian Godinez, son

    b.      Abigail Godinez, daughter

4.    The persons making claims for the wrongful death of Christina Godines, pursuant to their rights under applicable law, are:

    a.  Christian Godinez, son

    b.  Abigail Godinez, daughter

5.    At all times relevant hereto, Emiliano Godines (now deceased), was a citizen and domiciliary of Campbell County, Gillette, Wyoming.

6.    At all times relevant hereto, Christina Godines (now deceased), was a citizen and domiciliary of Campbell County, Gillette, Wyoming.

7.    At the time of their deaths, Emiliano Godines and Christina Godines were married to each other.

8.    At all times relevant hereto, Emiliano Godines was the father of Christian Godines and Abigail Godinez, the Plaintiffs.

9.    At all times relevant hereto, Christina Godines was the mother of Christian Godinez and Abigail Godinez, the Plaintiffs.

10.    At all times relevant hereto, and currently, Plaintiffs Christian Godinez and Abigail Godinez are citizens of and are domiciled in Campbell County, Gillette, Wyoming, and are the natural children of Emiliano Godines and Christina Godines, both deceased.

11.    At the time of his death, Emiliano Godines was 51 years of age.

12. At the time of her death, Christina Godines was 47 years of age.

13. At the time of their parents' death, Christian Godinez was 22 years of age and Abigail Godinez was 18 years of age.

14. On information and belief, Defendant Jose Mauricio Coreas d/b/a Caminantes Trucking (hereinafter "Caminantes"), is a California sole proprietorship doing business within the state of Colorado.

15. Defendant Caminantes provides for the transportation of property and goods to customers throughout the United States and the State of Colorado. Upon information and belief, Caminantes' principal location is 2035 West 15th Street, Long Beach, California 90813.

16. Defendant Caminantes is a registered motor carrier and shipper with the Federal Motor Carrier Safety Administration, MC-616117 and United States Department of Transportation, USDOT #1676627.

17. As of the date of filing of this Complaint and at all other material times, Defendant Jesus Puebla was a citizen of, and domiciled in, Denver County, Denver, Colorado, with a last known address of 16503 E 49th Avenue, Denver, Colorado 80239.

18. On information and belief, at all times relevant hereto, Jesus Puebla was the driver of the truck which was at fault in the subject incident. At all times relevant to this action, Jesus Puebla was employed jointly as a statutory employee, as defined by 49 U.S.C. § 14102(a), 49 C.F.R. §§ 376.12-376.22, 49 C.F.R. § 390.5 by Defendants Caminantes, Jose Mauricio Coreas, Carlos Coreas and Lucky 22, Inc.

19. As of the date of filing of this Complaint and at all other material times, Defendant

3

Carlos Coreas was a citizen of, and domiciled in, Weld County, Hudson, Colorado, with a last known address of 806 Birch Street, Unit 9, Hudson, Colorado 80642.

20. On information and belief, at all times relevant hereto, Carlos Coreas was the registered owner of the Kenworth T800 straight truck operated by Jesus Puebla.

21. Defendant Lucky 22, Inc. (hereinafter "Lucky 22"), is a Colorado Corporation registered at 9400 W 67th Pl, Arvada, Colorado 80004.

22. Defendant Caminantes is a registered carrier with the United States Department of Transportation, USDOT #3170539.

23. On information and belief, at all times relevant hereto, Carlos Coreas was the owner of Lucky 22.

24. On information and belief, at all times relevant hereto, Defendant Jesus Puebla was an employee, servant, contractor and/or agent of Defendant Lucky 22.

25. At all relevant times hereto, Defendants John Does Nos. 1-5 and John Doe Companies Nos. 1-5 are a person, corporation or other legal entity who or which hired, selected, brokered and/or contracted with Defendant Jesus Puebla, Caminantes and/or Defendants Carlos Coreas and Lucky 22, to transport property in interstate commerce. Defendants John Doe Nos. 1-5 and John Doe Companies Nos. 1-5 were doing business in the state of Colorado and are domiciled in the State of Colorado for purposes of personal jurisdiction and is subject to the jurisdiction and venue of this Court. The true names and/or capacities, whether individual, corporate, governmental, or otherwise of defendants John Doe Nos. 1-5 and John Doe Companies Nos. 1-5, inclusive, are unknown to Plaintiffs, who thus sue said Defendants by such fictitious names. When

4

the true names and/or capacities of said Defendants are ascertained, Plaintiffs will seek

leave to amend the complaint accordingly. Plaintiffs are informed and believe that

each Defendant designated herein as a Doe was responsible, negligently, in respondeat

superior, or in some other actionable manner, for the tortious conduct at issue and/or

events described herein that were a cause of injuries and damages to Plaintiffs.

### **RESPONDEAT SUPERIOR**

26. Whenever in this Complaint it is alleged that a Defendant did any act or thing, it is

meant that the Defendant's agents, officers, servants, employees or representatives did

such act or thing and that at the time such act or thing was done, it was done with the

full authorization or ratification of said Defendant or was done in the normal and

routine course and scope of employment of Defendant's officers, agents, servants,

employees or representatives.

27. Upon information and belief, Defendants Caminantes, Lucky 22, and John Does 1-5

Defendants were "motor carriers" pursuant to 49 U.S.C. 13901(c), responsible for the

transportation services in interstate commerce of Defendant Caminantes' goods.

28. On information and belief, at all times pertinent hereto, Jesus Puebla was a servant,

agent and statutory employee of Defendant, Caminantes, and at all times pertinent

hereto was acting within the course and scope of his statutory employment for

Defendant Caminantes and in the furtherance of said employer's business. As a result,

Defendant Caminantes is personally liable for all independent negligent, reckless,

willful, wanton and/or intentional acts and is vicariously liable for all negligent,

reckless, willful, wanton, and/or intentional acts committed by its employee, Jesus

Puebla, in the course and scope of his statutory employment and for the serious injuries to Plaintiffs and damages suffered by Plaintiffs.

29.     On information and belief, at all times pertinent hereto, Carlos Coreas was the owner of Defendant Lucky 22, Inc. and at all times pertinent hereto was acting in the furtherance of Lucky 22's business.  As a result, Defendant Lucky 22 is personally or vicariously liable for all negligent acts committed by Carlos Coreas, in the course and scope of his ownership of the company and for the serious injuries to Plaintiffs and damages suffered by Plaintiffs.

30.     On information and belief, at all times pertinent hereto, Jesus Puebla was a servant, agent and/or employee of Defendant Lucky 22 and at all times pertinent hereto was acting within the course and scope of his employment for Defendant Lucky 22 and in the furtherance of said employer's business.  As a result, Defendant Lucky 22 is personally or vicariously liable for all independent negligent, reckless, willful and/or intentional acts and all negligent, reckless, willful, wanton, and/or intentional acts committed by its employee, Jesus Puebla, in the course and scope of his employment and for the serious injuries to Plaintiffs and damages suffered by Plaintiffs.

### FACTS COMMON TO ALL CAUSES OF ACTION

31.     All preceding paragraphs above are incorporated herein as if set forth verbatim.

32.     Plaintiffs bring this suit to recover for damages sustained by Plaintiffs as a result of the personal injuries to and deaths of Emiliano Godines and Christina Godines resulting from a crash on June 13, 2022, in Weld County, Colorado with a straight truck commercial motor vehicle (CMV) owned by Defendant Carlos Coreas, driven by

6

Defendant Jesus Puebla and, upon information and belief, operated under Defendant Caminantes' operating authority with the Federal Motor Carrier Safety Administration and United States Department of Transportation.

33. At all times relevant, Defendant Puebla was operating the 1999 Kenworth T800, which was a commercial motor vehicle, requiring a commercial driver's license under C.R.S. § 31-7-304.

34. The 1999 Kenworth T800 was a commercial motor vehicle, known as a "straight truck" being operated at the time of the crash under the operating authority of Defendant Caminantes, Federal Motor Carrier Safety Administration Motor Carrier No. 00616117 and United States Department of Transportation No. 1676627.

35. At all times relevant, Defendants Jesus Puebla, Caminantes and Lucky 22 were required to follow all Federal Motor Carrier Safety Regulations and Colorado State Law.

36. Upon information and belief and all times relevant to the claims herein, Defendant Caminantes contracted or otherwise was brokered by the United States Postal Service (USPS) to ship USPS mail in the State of Colorado.

37. The crash was proximately caused by all Defendants' negligence/negligence per se, recklessness, willfulness, and/or intentional tortious actions. At such time and place, the straight truck was driven by Defendant Jesus Puebla, who did not have a valid commercial motor vehicle license, qualifications or credentials required by law for the operation of a commercial motor vehicle.

38. Defendant Puebla failed to keep a proper lookout, failed to maintain a safe and proper

stopping distance, was driving recklessly and distracted, and was driving the 1999 Kenworth T800 which had dangerous, defective and unmaintained brakes and safety equipment, which was known to all Defendants. Defendant Puebla failed to keep a safe stopping distance, failed to slow down and crashed into the rear of the Ford Edge SUV, which was going an estimated 5-10 MPH while Defendant Puebla was traveling at approximately 70 MPH. Decedents Emiliano and Christina Godines, along with their son Aaron Godinez, their granddaughter T.G. (a minor) and mother of T.G., Halie Everts, were all passengers in a 2015 Ford Edge.

39. As a result of the collision, Emiliano Godines and Christina Godines, both sustained personal injuries resulting in their deaths at the scene of the crash. Aaron Godinez, Emiliano and Christina Godines's son, who was driving the Ford Edge, was transported from the scene and later died of injuries he sustained in the collision. Halie Everts and her minor daughter, T.G., were also passengers in the Ford Edge driven by Aaron Godinez and both sustained fatal injuries in the collision. All five passengers in the Ford Edge perished as a result of the negligent, reckless, willful, wanton and/or intentional actions of all Defendants.

40. The injuries and damages suffered by Plaintiffs were directly and proximately caused by the negligence, recklessness, and willful, wanton disregard of the Defendants, individually and acting by and through their servants, agents, and employees, as hereinafter set out.

41. Upon information and belief, at the time and place in question, Defendant Jesus Puebla was acting as the agent, servant, and/or statutory employee of Defendant Caminantes,

8

Carlos Coreas, and Lucky 22. Defendants Caminantes, Carlos Coreas and Lucky 22, acting through their agents, servants and employees, in the course and scope of their employment, were guilty of acts of negligence and/or negligence per se, recklessness, willfulness and/or intentional acts, each of which jointly and severally proximately caused the injuries to and deaths of Emiliano and Christina Godines and the damages suffered by Plaintiffs.

42.     Upon information and belief, Defendant Jesus Puebla received a citation for operating a Commercial Motor Vehicle without a Commercial Driver's License several months prior to the June 13, 2022 crash.

43.     Upon information and belief, prior to June 13, 2022, Defendants Caminantes, Carlos Coreas, and Lucky 22, knew or should have known that Defendant Puebla was operating a commercial motor vehicle owned and/or operated by and through their operating authority with the Federal Motor Carrier Safety Administration and the United States Department of Transportation. Defendants Caminantes, Carlos Coreas, and Lucky 22 negligently, recklessly, and willfully encouraged, allowed and compensated Defendant Puebla to continue driving the 1999 Kenworth T800 commercial motor vehicle without a valid license, and commercial motor vehicle training.

44.     Upon information and belief, Jesus Puebla was again cited for operating a Commercial Motor Vehicle without a Commercial Driver's License on June 13, 2022.

45.     Upon information and belief, on June 13, 2022, Jesus Puebla was cited for operating a Commercial Motor Vehicle without a valid medical certificate and did not in fact have

a valid CDL or medical certificate required by law.

46. Upon information and belief, Defendants Caminantes, Carlos Coreas and Lucky 22 were aware Defendant Jesus Puebla did not have a current Commercial Driver's License and authorized him to drive a Commercial Motor Vehicle in the furtherance of their "for profit" businesses.

47. Upon information and belief, Defendants Caminantes, Carlos Coreas and Lucky 22 were aware Defendant Jesus Puebla did not have a valid medical certificate and authorized him to drive a Commercial Motor Vehicle.

48. Upon information and belief, prior to June 13, 2022, Defendants Caminantes, Carlos Coreas and Lucky 22 were aware Defendant Jesus Puebla had been cited by law enforcement for not having a valid Commercial Driver's License and the Defendant authorized him to drive a Commercial Motor Vehicle.

49. A reasonably prudent motor carrier in the position of Defendants Caminantes and Lucky 22 would ensure its drivers are properly licensed to operate Commercial Motor Vehicles and possess valid medical certificates before allowing them to operate such vehicles.

50. Caminantes and Lucky 22 had a duty to act as reasonably prudent motor carriers.

51. Caminantes and Lucky 22 breached this duty when they did not require their driver have a valid Commercial Driver's License or medical certificate.

52. Caminantes and Lucky 22's failure to act as reasonably prudent motor carriers was a direct and proximate cause of the subject crash.

53. Caminantes and Lucky 22's actions in sending a driver out onto public roadways for

their business purposes without confirming he was properly licensed was negligent, reckless, willful and/or intentional.

54. Upon information and belief, at the time of the subject crash, the straight truck under the custody and control of Defendants Caminantes, Carlos Coreas and Lucky 22, had defective and unmaintained brakes constituting more than twenty percent of all service brakes on the vehicle.

55. Upon information and belief, at the time of the subject crash, the straight truck under the custody and control of Defendants Caminantes, Carlos Coreas, and Lucky 22, was not equipped with an Antilock Brake System.

56. Upon information and belief, at the time of the subject crash, the straight truck under the custody and control of Defendants Caminantes, Carlos Coreas, and Lucky 22, had clamp or roto type brakes out of adjustment which constituted a danger to the driver of the vehicle and the traveling public.

57. Upon information and belief, at the time of the subject crash, the straight truck under the custody and control of Defendants Caminantes, Carlos Coreas, and Lucky 22, had an automatic airbrake adjustment system that failed to compensate for wear, making the truck dangerous and unsuitable for the transportation of goods on the roadways.

58. A reasonably prudent motor carrier would ensure the brakes on its Commercial Motor Vehicles are compliant with Federal and Colorado State Regulations.

59. Defendants Caminantes and Lucky 22 negligently, recklessly, and/or intentionally breached this duty when it did not ensure the subject straight truck had compliant brakes.

60. Defendant Caminantes and Lucky 22's failure to act as a reasonably prudent motor carrier was a direct and proximate cause of the subject crash.

61. Defendants Caminantes, Carlos Coreas, and Lucky 22's actions in sending a vehicle out onto public roadways for its business purposes without compliant brakes was reckless and outrageous.

62. Upon information and belief Defendant Jesus Puebla was distracted while operating a commercial motor vehicle with defective brakes and without a CDL on public roadways for business purposes.

63. Jesus Puebla's conduct in operating a commercial motor vehicle with defective brakes and without a CDL on public roadways for business purposes while distracted was reckless and outrageous.

64. Defendant Jesus Puebla's conduct in operating a commercial motor vehicle with defective brakes and without a CDL on public roadways for business purposes while distracted was the proximate cause of the deaths of Emiliano Godines, Christina Godines, Aaron Godinez, Halie Everts and T.G.

65. Defendant Jesus Puebla's actions on June 13, 2022, constitute felonious vehicular homicide.

66. Defendants Caminantes, Lucky 22 and Carlos Coreas' hiring of Defendant Jesus Puebla, along with the failures to train and supervise as required by the FMCSA and State laws were done in a reckless, willful, wanton and/or intentional manner.

## FIRST CLAIM FOR RELIEF

### *(Negligence and/or Recklessness of Defendant Jesus Puebla)*

67.   All preceding paragraphs above are incorporated herein as if set forth verbatim.

68.   Emiliano Godines and Christina Godines died as a result of fatal injuries sustained when they were struck by Caminantes straight truck, driven by Jesus Puebla.

69.   Emiliano Godines and Christina Godines's deaths were caused by the reckless and/or negligent driving conduct of Jesus Puebla at the time of the subject incident.

70.   Emiliano Godines and Christina Godines were not negligent or at-fault in any way at the time of, and immediately prior to, the subject incident resulting in their deaths.

71.   As a result of Jesus Puebla's recklessness and/or negligence, which caused the wrongful deaths of Emiliano Godines and Christina Godines, their son Christian Godinez and daughter Abigail Godinez both sustained mental, emotional and psychological injuries, damages, and losses, including, but not limited to, economic losses and non-economic losses pursuant to C.R.S. §13-21-201, et seq.

72.   As a direct and proximate result of Emiliano Godines and Christina Godines's death, their children (the Plaintiffs) have suffered damages for grief, loss of companionship, pain and suffering, and emotional stress and other such other damages as are set forth in this Complaint and Colorado's wrongful death statute.

## SECOND CLAIM FOR RELIEF

### (Negligence Per Se of Jesus Puebla)

73.   All relevant portions of this Complaint are incorporated herein as if fully set forth.

74.   Defendant Jesus Puebla, through his negligent, careless, reckless and wrongful acts and omissions, violated applicable codes, ordinances, regulations and/or statutes of the State of Colorado or the United States including, but not limited to, the following:

    a. Colorado Revised Statutes **§** 42-4-1008, Following too closely

    b. Colorado Revised Statutes **§** 42-4-1401, Reckless Driving

    c. Colorado Revised Statutes **§** 42-4-1402, Careless Driving

    d. Colorado Revised Statutes **§** 18-3-106(1)(a), Vehicular homicide

75. The purpose of the aforementioned codes, ordinances, regulations and statutes was to protect against the type of injuries and damages Plaintiffs sustained as a result of this incident.

76. Plaintiffs were members of the group of persons that the aforementioned codes, ordinances, regulations and/or statutes were intended to protect.

77. Consequently, Defendant's conduct complained of herein constitutes negligence *per se*.

78. As a direct and proximate result of Defendant's negligence *per se*, Plaintiffs suffered injuries, losses and damages as described herein.

79. As a direct and proximate result of the negligence *per se* of defendant, Emiliano and Christina Godines were killed.

80. As a direct and proximate result of Emiliano and Christina Godines's deaths, their children (the Plaintiffs) have suffered damages for grief, loss of companionship, pain and suffering, and emotional stress and other such other damages as are set forth in Colorado's wrongful death statute and in this Complaint.

### **THIRD CLAIM FOR RELIEF**

***(Negligence of Defendant Jose Mauricio Coreas d/b/a Caminantes Trucking)***

81. All relevant portions of this Complaint are incorporated herein as if fully set forth.

14

82. Upon information and belief, Defendant Caminantes conducts trucking operations throughout the United States, but they frequently rely on smaller regional carriers and local owner operators, especially when their customers' needs cannot be met by Caminantes' own fleet.

83. Upon information and belief, Caminantes and its agents regularly contract with regional and local trucking companies for purposes of satisfying Caminantes' contractual obligations as a carrier and the commitments Caminantes makes to its customers.

84. Caminantes has an obligation and duty to determine whether the regional and local trucking companies upon which it relies to complete its contracts of carriage are safe, reliable, and conduct their operations in compliance with relevant Federal and state safety regulations.

85. Thus, at all relevant times, Caminantes had an obligation and a duty to exercise reasonable care in the control and oversight of the trucking company it selected to satisfy its contractual obligation to USPS to deliver the shipment that ultimately was assigned to defendant Lucky 22 and to defendant Puebla for transport.

86. At all relevant times Caminantes held itself as the motor carrier for shipment.

87. Upon information and belief, Defendant Caminantes was hired by or contracted with the USPS for the shipment of USPS mail and freight and as a result Caminantes was a "hidden motor carrier" responsible under the FMCSA and USDOT for compliance with all Federal and State laws and regulations for the shipment of the load on June 13, 2022.

15

88. At all relevant times Caminantes was obligated to transport the shipment.

89. At all times relevant to this cause of action, defendant Caminantes was subject to and required to obey the minimum safety standards established and set forth in the Federal Motor Carrier Safety Regulations (FMCSR), 49 CFR Parts 300-399, either directly or as adopted by the Colorado State Patrol Rules and Regulations Concerning Minimum Standards for the Operation of Commercial Vehicles 8 CCR 1507-1:MCS 6 and pursuant to Colo. Rev. Stat. § 42-4-235(4)(a).

90. At all relevant times, Caminantes also had an obligation and a duty to exercise reasonable care in the management and control of the transport of those loads it contracted to deliver, and as the contracting trucking company it had a non-delegable duty to comply with relevant Federal safety regulations.

91. At all relevant times, Caminantes had a duty to conduct a due diligence safety review before contracting with any local trucking company.

92. Caminantes had the capacity and ability to determine whether the regional and local trucking companies upon which it relies to complete its contracts of carriage are safe, reliable, and conduct their operations in compliance with relevant Federal and state safety regulations, as such information is readily available through the FMCSA and other resources regularly relied upon in the trucking and logistics industry.

93. It is part of the minimum standards for companies like Caminantes to make safety inquiries as part of qualifying and retaining trucking companies before contracting with them.

94. It is part of the minimum standards for companies like Caminantes to make safety

16

inquiries on a regular basis after contracting with a trucking company.

95. Upon information and belief, the owners of Caminantes and Lucky 22, were father and son, and acted in an orchestrated manner to subvert the rules, regulations and laws of the FMCSA, US DOT and the State of Colorado.

96. At all relevant times, on information and belief, Caminantes had had prior dealings with Defendants Lucky 22 and Jesus Puebla and knew or had reason to know that they required and permitted drivers to operate commercial motor vehicles in violation of the FMCSR CDL requirements and required and permitted drivers to operate commercial motor vehicles without providing a FMCSR required medical certificate.

97. At all relevant times, Caminantes was acting through their employees and/or agents and are responsible for the acts of those employees and/or agents pursuant to respondeat superior, agency, vicarious liability, statutory employment doctrines, negligent entrustment, negligent hiring of an independent contractor, partnership, joint enterprise, and/or other similar theories of law.

98. At all relevant times, Caminantes was the motor carrier.

99. At all relevant times, Lucky 22 was the sub-carrier.

100. On or before June 13, 2022, the FMCSA made information available to the public regarding Lucky 22's safety record. This information found that only two inspections had been conducted of the carrier, with inspectors finding problems in one of the two inspections.

101. The same publicly available information indicated that Lucky 22 had an out of service rating of 100 percent, which means that every single Lucky 22 vehicle could not pass

safety inspections and was placed "out of service," meaning they were unsafe to operate on public roadways. It also suggested that there was a 100% chance that any vehicle dispatched by Lucky 22 would not be able to meet delivery schedules, either due to an actual mechanical breakdown or due to a random roadside inspection resulting in an out-of-service violation.

102. More importantly, however, the publicly available information revealed that Lucky 22 was not only sub-standard in the area of safe operations, but that Lucky 22 did not have current for-hire operating authority with the FMCSA.

103. Despite knowing, or having reason to know, of Lucky 22's substandard safety records and the critical fact that it did not have current for-hire operating authority with the FMCSA, Caminantes nonetheless negligently, carelessly and recklessly retained, hired, supervised, and/or contracted with Lucky 22 before negligently entrusting Lucky 22 to make a time sensitive interstate delivery of United States Mail on behalf of the United States Postal Service while knowing or having reason to know that it would inevitably result in safety risks to the public, including Emiliano Godines and Christina Godines.

104. At all relevant times, Caminantes had the capacity, ability, and duty to exercise direct control over the specific details of transport of the subject delivery, including logistics, dispatching, scheduling, rescheduling, route planning, rerouting, and load consolidation, as well as compliance with relevant Federal safety regulations.

105. Caminantes and Lucky 22 and/or Defendants Carlos Coreas (collectively, the Joint Venturers") operated a joint enterprise and/or joint venture for the transport of freight

18

under which they shared control and profits arising out of the transport of such goods, under which, Jesus Puebla and/or Lucky 22 and/or Carlos Coreas were Caminantes' agents, employees, and/or joint venturers such that Caminantes was responsible for their acts and omissions pursuant to respondeat superior, agency, vicarious liability, statutory employment doctrines, negligent hiring of an independent contractor, partnership, joint enterprise, and/or other similar theories of law.

106. At all relevant times, Caminantes had actual and/or constructive knowledge that Defendant Puebla was, in fact, driving the Lucky 22 commercial motor vehicle in violation of federal safety regulations, including FMCSR out-of-service rules, in the course of fulfilling Caminantes' contractual obligations and while under Caminantes' direct supervision and control, but made no attempt to reschedule the load delivery or otherwise adjust the delivery schedule in order to afford Puebla a reasonable opportunity to remain in compliance with FMCSR CDL and medical certificate requirements, all in violation of Caminantes' direct and non-delegable obligations under applicable law including federal safety regulations.

107. As a direct and proximate result of Caminantes' negligent, careless, and/or reckless conduct as alleged herein, Defendant Puebla was aided, abetted, and induced into working without being properly licensed to operate a commercial motor vehicle, all of which proximately caused the June 13, 2022 wreck and the injuries and deaths of Emiliano Godines and Christina Godines.

108. Defendant Caminantes, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising

reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a.   The risks associated with unsafe trucking companies,

    b.   The risks associated with trucking companies that fail to have adequate risk management policies and procedures in place,

    c.   Failing to ensure the trucking company had current for-hire operating authority with the FMCSA,

    d.   Failing to have policies and procedures in place to identify unsafe trucking companies,

    e.   Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Lucky 22 once hired,

    f.   Failing to implement and follow a written safety plan,

    g.   Failing to protect the members of the public, such as the Plaintiff, from the risks described above,

    h.   Failing to ensure that Defendant Puebla was prudently hired, trained, and supervised to operate a CMV,

    i.   Failing to use the composite knowledge reasonably available to Defendants to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

    j.   Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above.

109.   By reason of, and as a direct and proximate result of Caminantes' breaches of the above

duties, which were a cause of the injuries and deaths of Christina and Emiliano Godines, the claimants have suffered damages for grief, loss of companionship, pain and suffering, and emotional stress and other such other damages as set forth in Colorado's wrongful death statute and this Complaint.

## FOURTH CLAIM FOR RELIEF

### *(Vicarious Liability of Lucky 22)*

110. All relevant portions of this Complaint are incorporated herein as if fully set forth.

111. Upon information and belief Jesus Puebla was an employee of Defendant Lucky 22.

112. Defendant Lucky 22 was acting as employer and principal of Jesus Puebla at the time of the subject incident.

113. Jesus Puebla was acting within the course and scope of his employment at the time of the subject incident.

114. By virtue of Jesus Puebla being an employee of Defendant Lucky 22, and because he was acting within the scope of his employment at the time of the crash, the acts and omissions of Jesus Puebla are deemed to be the acts and omissions of Defendant Lucky 22 under the doctrine of *Respondeat Superior*.

115. Consequently, Defendant Lucky 22 is liable for the acts and omissions of Defendant Jesus Puebla and for Plaintiffs' resulting injuries and damages for grief, loss of companionship, pain and suffering, and emotional stress and other such other damages as are set forth in Colorado's wrongful death statute and this Complaint.

## FIFTH CLAIM FOR RELIEF

### *(Negligent and/or Reckless Training and Supervision by Defendant Lucky 22)*

116. All relevant portions of this Complaint are incorporated herein as if fully set forth.

117. At all times material hereto, Defendant Jesus Puebla served as an employee of, and for, Defendant Lucky 22.

118. Defendant Jesus Puebla was acting within the course and scope of his employment with Defendant Lucky 22 at the time of the subject incident.

119. Defendant Lucky 22 had a duty of reasonable care owed to Plaintiffs and other members of the public to properly train and supervise its employees, particularly employees such as Defendant Jesus Puebla whose job duties included the operation of motor vehicles, especially straight trucks and tractor-trailer trucks, on public highways.

120. Defendant Lucky 22 breached its duty to properly train and supervise Defendant Jesus Puebla.

121. Defendant Lucky 22's failure to exercise reasonable care in properly training and supervising Defendant Jesus Puebla constitutes negligence and/or recklessness which directly and proximately caused Plaintiffs to suffer injuries, losses, and damages.

122. As a direct and proximate result of the negligent and/or reckless training and supervision of Defendant Jesus Puebla by Defendant Lucky 22, Emiliano and Christina Godines were killed.

123. As a direct and proximate result of Emiliano and Christina Godines's deaths, their surviving children (the Plaintiffs) have suffered damages for grief, loss of companionship, pain and suffering, and emotional stress and other such other damages as are set forth in Colorado's wrongful death statute and this Complaint.

**SIXTH CLAIM FOR RELIEF**

22

*(Outrageous Conduct of Jesus Puebla)*

124.   All relevant portions of this Complaint are incorporated herein as if fully set forth.

125.   Defendant Jesus Puebla engaged in extreme and outrageous conduct by operating a CMV on public highways without a Commercial Driver's License or valid medical certificate.

126.   Defendant Jesus Puebla engaged in extreme and outrageous conduct by operating a CMV on public highways with defective and unsafe brakes.

127.   Defendant Jesus Puebla engaged in extreme and outrageous conduct by operating a CMV on public highways in a distracted and unsafe manner.

128.    Defendant Jesus Puebla's conduct of operating a CMV on public highways without a Commercial Driver's License or valid medical certificate was reckless.

129.   Defendant Jesus Puebla's conduct of operating a CMV on public highways with defective and unsafe brakes was reckless.

130.   Defendant Jesus Puebla's conduct of operating a CMV on public highways in a distracted and unsafe manner was reckless.

131.   Defendant Jesus Puebla's extreme and outrageous conduct recklessly resulted in the crash killing Emiliano Godines, Christina Godines, Aaron Godinez, Halie Everts and Aaron and Halie's minor daughter, T.G.  These individuals were the Plaintiffs' father, mother, brother, future sister-in-law and niece, respectively.  The reckless killing of their family caused the Plaintiffs, Christian and Abigail Godinez, severe emotional distress.

**SEVENTH CLAIM FOR RELIEF**

*(Outrageous Conduct of Caminantes Trucking)*

132. All relevant portions of this Complaint are incorporated herein as if fully set forth.

133. Outrageous conduct claims arise from common law and are personal torts in Colorado. *See* Beikmann v. Int'l Playtex, Inc., 658 F.Supp. 255, (D. Colo. 1987).

134. Defendant Caminantes engaged in extreme and outrageous conduct by knowingly permitting the operation of a CMV on public highways by a driver without a Commercial Driver's License or valid medical certificate.

135. Defendant Caminantes engaged in extreme and outrageous conduct by knowingly permitting the operation of a CMV on public highways with defective and unsafe brakes.

136. Defendant Caminantes' conduct of knowingly permitting the operation of a CMV on public highways by a driver without a Commercial Driver's License or valid medical certificate was reckless.

137. Defendant Caminantes' conduct of knowingly permitting the operation of a CMV on public highways with defective and unsafe brakes was reckless.

138. Defendant Caminantes' extreme and outrageous conduct recklessly resulted in the crash killing Emiliano Godines, Christina Godines, Aaron Godinez, Halie Everts and Aaron and Halie's minor daughter, T.G. These individuals were the Plaintiffs' father, mother, brother, future sister-in-law and niece, respectively. The reckless killing of their family caused the Plaintiffs, Christian and Abigail Godinez, severe emotional distress and harm.

## EIGTH CLAIM FOR RELIEF

*(Outrageous Conduct of Lucky 22 and Carlos Coreas)*

139. All relevant portions of this Complaint are incorporated herein as if fully set forth.

140. Defendants Lucky 22 and Carlos Coreas engaged in extreme and outrageous conduct by knowingly permitting the operation of a CMV on public highways by a driver without a Commercial Driver's License or valid medical certificate.

141. Defendants Lucky 22 and Carlos Coreas engaged in extreme and outrageous conduct by knowingly permitting the operation of a CMV on public highways with defective and unsafe brakes.

142. Defendants Lucky 22 and Carlos Coreas' conduct of knowingly permitting the operation of a CMV on public highways by a driver without a Commercial Driver's License or valid medical certificate was reckless.

143. Defendant Lucky 22 and Carlos Coreas' conduct of knowingly permitting the operation of a CMV on public highways with defective and unsafe brakes was reckless.

144. Defendants Lucky 22 and/or Coreas' conduct of entrusting a commercial motor vehicle into the hands of Defendant Puebla, who was not licensed, trained or qualified to operate a CMV on the highways of Colorado was outrageous and a cause of the crash which killed Emiliano Godines, Christina Godines, Aaron Godinez, Halie Everts and Aaron and Halie's minor daughter, T.G.

145. Defendant Lucky 22 and Carlos Coreas' extreme and outrageous conduct recklessly resulted in the crash killing Emiliano Godines, Christina Godines, Aaron Godinez, Halie Everts and Aaron and Halie's minor daughter, T.G. These individuals were the Plaintiffs' father, mother, brother, future sister-in-law and niece, respectively. The

reckless killing of their family caused the Plaintiffs, Christian and Abigail Godinez, severe emotional distress and harm.

## NINTH CLAIM FOR RELIEF

### (Civil Conspiracy of Caminantes Trucking, Lucky 22 and Carlos Coreas)

146. All relevant portions of this Complaint are incorporated herein as if fully set forth.

147. Upon information and belief, Defendant Caminantes accepted the tender of the load from the United States Postal Service to provide services under its authority as a "motor carrier" and not as a "broker." 49 USC § 13901(c) requires specification of authority for which transportation or services is provided.

148. Accordingly, Caminantes is estopped from claiming that it "brokered" or "assigned" the load to any independent contractor, including Lucky 22, Carlos Coreas or Jesus Puebla.

149. Caminantes is a "motor carrier providing … that uses motor vehicles not owned by it to transport property under an arrangement with another party." 49 USC § 14102(a). The Caminantes Defendants are liable for the acts of Lucky 22, Carlos Coreas and Jesus Puebla. Defendant Jesus Puebla is a statutory employee of Caminantes. Caminantes is a statutory employer that assumed possession, control and use of the equipment, including the commercial motor vehicle involved in the crash. 49 USC § 14102(a); CFR § 376.11-12(c); 376.26; 49 CFR § 390.5.

150. Defendants Caminantes, Lucky 22, Carlos Coreas, and JOHN DOES 1-5 aided and abetted violations of the Federal Motor Carrier Safety Regulations and engaged in civil

conspiracy to circumvent them.

151.   Defendants Caminantes, Lucky 22, Carlos Coreas, and JOHN DOES 1-5 all conspired to commit unlawful operation of a commercial motor vehicle by knowingly, recklessly and willfully employing and allowing a driver who was not licensed to carry out the transportation of goods in a commercial motor vehicle for business purposes on public roadways.

152.   Defendants Caminantes, Lucky 22, Carlos Coreas and JOHN DOES 1-5, conspired to commit unlawful operation of a commercial motor vehicle by knowingly, recklessly and willfully allowing operation of a commercial motor vehicle with defective and unsafe brakes to carry out the transportation of goods for business purposes on public roadways.

153.   Defendants Caminantes, Lucky 22, Carlos Coreas and JOHN DOES 1-5's conspiracy to commit unlawful operation of a commercial motor vehicle by knowingly, recklessly and willfully employing and allowing a driver who was not licensed to carry out the transportation of goods in a commercial motor vehicle for business purposes on public roadways resulted in the crash causing injuries to the Plaintiffs as set forth in this complaint.

154.   Defendants Caminantes, Lucky 22, Carlos Coreas and JOHN DOES 1-5's conspiracy to commit unlawful operation of a commercial motor vehicle by knowingly, recklessly and willfully allowing operation of a commercial motor vehicle with defective and unsafe brakes to carry out the transportation of goods for business purposes on public roadways resulted in the crash causing injuries to the Plaintiffs as set forth in this

complaint.

155. As a legal and proximate result of the Defendants' acts or omissions, negligence, aiding and abetting, and civil conspiracy, Defendants are liable under master/servant/agency/statutory employer/joint-borrowed employee doctrines. Plaintiffs suffered injuries and damages that are set forth more fully below as a proximate and legal result thereof.

## TENTH CLAIM FOR RELIEF

### *(Negligent Entrustment of Defendant Carlos Coreas/Lucky 22)*

156. All relevant portions of this Complaint are incorporated herein as if fully set forth.

157. As the registered owner of the Kenworth T800 straight truck (the "truck"), Defendant Carlos Coreas and/or Lucky 22 had a duty to ensure any driver of the truck was properly qualified and licensed not only to safely operate the truck on public highways, but to inspect the truck for any safety issues.

158. As the registered owner of the Kenworth T800 straight truck, Defendant Carlos Coreas and/or Lucky 22 negligently entrusted the truck to Defendant Jesus Puebla by knowingly permitting the operation of the truck on public highways by a driver without a Commercial Driver's License or valid medical certificate, who had also, on information and belief, been cited for not having a Commercial Driver's License earlier in 2022.

159. Defendants Carlos Coreas and/or Lucky 22's conduct of knowingly permitting the operation of the truck on public highways by a driver without a Commercial Driver's License or valid medical certificate was reckless.

160. Defendant Carlos Coreas' and/or Lucky 22's conduct of knowingly permitting the operation of the truck on public highways with defective and unsafe brakes was reckless.

161. Defendants Lucky 22 and/or Coreas' conduct of entrusting a commercial motor vehicle into the hands of Defendant Puebla, who was not licensed, trained or qualified to operate a CMV on the highways of Colorado was a cause of the crash which killed Emiliano Godines, Christina Godines, Aaron Godinez, Halie Everts and Aaron and Halie's minor daughter, T.G.

162. Defendants Lucky 22 and Carlos Coreas' conduct recklessly resulted in the crash killing Emiliano Godines, Christina Godines, Aaron Godinez, Halie Everts and Aaron and Halie's minor daughter, T.G. These individuals were the Plaintiffs' father, mother, brother, future sister-in-law and niece, respectively. The reckless killing of their family caused the Plaintiffs, Christian and Abigail Godinez, severe emotional distress and harm.

## ELEVENTH CLAIM FOR RELIEF

### *(Negligent Selection of Defendants John Doe 1-5)*

163. All relevant portions of this Complaint are incorporated herein as if fully set forth.

164. Upon information and belief, Defendants JOHN DOE 1-5, hired, contracted or otherwise selected Defendants Caminantes, Carlos Coreas, and Lucky 22, as the motor carrier to transport and/or ship the load of cargo contained within the box truck on June 13, 2022.

165. Upon information and belief, Defendants JOHN DOE 1-5, failed to properly and

prudently inspect, investigate and select Defendants Caminantes, Carlos Coreas and Lucky 22 as a safe and properly qualified motor carriers.

166. Because Defendants JOHN DOES 1-5 agreed to be responsible for the transportation of goods under its/their federal motor carrier operating authority and to be responsible for the transportation of the goods in interstate commerce, JOHN DOES 1-5 were a "motor carrier" and "employer" under federal statutes and regulations.

167. The collision and the resulting serious injuries to and deaths of Emiliano and Christina Godines and damages to Plaintiffs made the basis of this suit further resulted from the negligence, recklessness, and/or outrageousness of Defendants JOHN DOE 1-5 acting by and through its servants, agents, and employees, in hiring, brokering, and/or selecting Defendants Caminantes, Carlos Coreas and Lucky 22, to provide for the transportation of goods.

168. Upon information and belief, JOHN DOES 1-5 knew or should have known that Defendants Caminantes, Carlos Coreas and Lucky 22, were incompetent in operating its commercial motor vehicles on the public roadways among the motoring public.

169. Upon information and belief, JOHN DOES 1-5 failed to exercise ordinary care to investigate and reasonably vet Defendants' Caminantes, Carlos Coreas and Lucky 22, and ascertain said Defendants' competence and qualifications in its commercial vehicle operation. Had JOHN DOES 1-5 exercised ordinary care in investigating and selecting Defendants Caminantes, Carlos Coreas and Lucky 22, it would have learned said defendants were not competent motor carrier(s) to safely transport goods on a public highway, including the facts reasonably available through the Federal Motor

Carrier Safety Administration that Defendant Caminantes had multiple violations over the past two years, including several other instances of dangerous and defective brakes, unlicensed drivers and ten crashes since July 2020, including a fatality crash in California on April 22, 2021.

170. Therefore, a reasonably prudent transportation property broker would not have hired, brokered and/or selected Caminantes and/or Lucky 22 to transport property on Colorado roadways, including the load that Defendant Jesus Puebla was transporting.

171. Upon further information and belief, Defendants JOHN DOE 1-5 failed to ensure that Defendant Caminantes and/or Defendant Lucky 22 employed or otherwise authorized Defendant Puebla to operate a commercial motor vehicle without a valid license, training, qualifications and medical certificate.

172. Upon information and belief, Defendants JOHN DOE 1-5, knew or should have known that Defendant Puebla was cited approximately three months prior to the fatal crash on June 13, 2022, for operating a commercial motor vehicle without a valid commercial drivers' license.

173. Plaintiffs were damaged as a result of JOHN DOES 1-5's incompetence, recklessness and negligence in investigating Defendants Caminantes, Carlos Coreas and Lucky 22's competence to transport goods in a commercial motor vehicle on the public roadways and in selecting said Defendants to transport goods in a commercial motor vehicle on the public roadways.

174. Had JOHN DOES 1-5 exercised ordinary care in investigating Defendants Caminantes and Lucky 22, it would have learned that neither motor carrier were competent to safely

transport goods in a commercial motor vehicle on the public roadways.

175. The negligence and/or recklessness of JOHN DOES 1-5 in investigating, brokering, selecting, contracting and/or hiring Defendant Caminantes and/or Lucky 22 to operate the commercial motor vehicle involved in this crash was a proximate cause of the collision in which Emiliano and Christina Godines were killed.

## DAMAGES

176. Plaintiffs incorporate and adopt by reference all the facts and allegations above as though fully set forth herein.

177. As a direct and proximate result of the negligent, egregious, reckless, willful, wanton, outrageous and/or intentional conduct by the Defendants, the Plaintiffs have suffered severe harm and damages, including economic damages and damages for non-economic loss for grief, loss of companionship, pain and suffering, and emotional distress.

178. The acts and omissions and conduct of the Defendants was reckless, willful, wanton, outrageous and/or intentional and done in a complete disregard for the lives of the deceased Godines family members and the rights of the Plaintiffs, resulting in severe damages for grief, loss of companionship, pain and suffering, and emotional stress.

179. Plaintiffs request a determination by jury of amounts necessary for punitive and all compensatory damages for the felonious vehicular homicide pursuant to C.R.S. § 15-11-803(1)(b), for Defendants' outrageous conduct and conspiracy, which are not limited C.R.S. § 13-21-203.

**WHEREFORE**, Plaintiffs respectfully pray for judgment in their favor and against

Defendants, jointly and severally, in an amount which will compensate them for the injuries, damages and losses caused by Defendants, for pre-judgment and post-judgment interest as provided by law, for costs and expenses, for expert witness fees, for attorneys' fees, any applicable penalties, punitive damages, any other monetary, or other damages, relief or compensation authorized by law allowed by law or as the Court determines equitable and just and that such damages shall not be limited by the provisions of C.R.S. § 13-21-203 as the conduct alleged herein constitutes a felonious killing as set forth in C.R.S. § 15-11-803(1)(b).

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand that this matter be tried by jury.

Respectfully submitted this 16th day of November 2022.

**Christian and Abigail Godinez,**
**Plaintiffs**

  _s/ Grant H. Lawson_
Grant H. Lawson, #54297
**METIER LAW FIRM, LLC**
4828 S. College Avenue
Fort Collins, CO 80525
(970) 377-3800
(970) 225-1476 (fax)
grant@metierlaw.com

*Attorney for Plaintiffs*

Plaintiff's Address:
Christian Godinez
3506 Hoback
Gillette, WY 82718

Abigail Godinez
3415 Goldenrod Av.
Gillette, WY 82716