IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01424-SKC-CYC

ARTISAN AND TRUCKERS CASUALTY COMPANY,

    Plaintiff,

v.

JESUS PUEBLA,
LUCKY 22, INC.,
CHRISTIAN GODINEZ,
ABIGAIL GODINEZ,
STEVEN EVERTS,
DESIREE EVERTS,
OSCAR BUSTILLO,
F.B.,
TATYANA BLAK, individually and as natural parent of F.B.,
JESUS PENA, and
CARLOS COREAS, also known as CARLOS RAUL COREAS-ARAUJO,

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

    This matter is before the Court on Plaintiff's Motion to Allow Substituted Service on Defendant Carlos Coreas Pursuant to F.R.C.P. 4(e)(1) and C.R.C.P. 4(f). ECF No. 70. As an initial matter, the motion does not comply with D.C.COLO.LCivR 7.1(a), which requires "counsel for the moving party . . . to confer with any opposing counsel or unrepresented party" prior to filing the motion and to "describe in the motion" the efforts to confer with the other parties. The motion may be denied for this reason alone. However, in order to efficiently manage the issues raised in this case, Fed. R. Civ. P. 1, the Court will consider the motion.

    In the motion, the plaintiff requests leave to serve defendant Carlos Coreas by serving

attorney Michael A. Watts via certified mail. For the reasons that follow, the motion is **DENIED without prejudice**.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 4(e), an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). "The federal rules are silent regarding substituted and alternative service. Where federal rules are silent as to a specific procedural requirement, the deciding court's local rules control." *Penn-Star Ins. Co. v. Bus. Futures, Inc.*, No. 21-cv-01256-RM-NYW, 2021 WL 5071822, at *2 (D. Colo. Sept. 14, 2021). When service of process by personal service cannot be accomplished, other means of service may be employed. *Id*. If a substituted method of service is employed, "it must comport with due process by being calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*.

Here, the plaintiff asks the Court to allow it to serve an attorney representing the defendant in a different pending lawsuit pursuant to Colo. R. Civ. P. 4(f). *See generally* ECF No. 70. Under that rule the motion must be "supported by an affidavit of the person attempting service," and the motion must state "(1) the efforts made to obtain personal service and the reason personal service could not be obtained; (2) the identity of the person to whom the party

2

wishes to deliver service; and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected." Colo. R. Civ. P. 4(f). If (1) the moving party has engaged in due diligence in their attempts to serve the individual, (2) future attempts at service would be futile, and (3) the party to whom service is requested "is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective," a court will authorize substituted service. *Id.*

There are two issues with the motion. First, the proposed substituted method of service does not comply with Colo. R. Civ. P. 4(f). The plaintiff asks the Court to enter an order permitting substitute service on attorney Michael A. Watts by certified mail. ECF No. 70 at 4. Under Colo. R. Civ. P. 4, "substituted service must be effected by hand delivery to the substituted person, given that this case does not involve 'specific property or status or other proceedings in rem.'" *Greene v. JJLV LLC*, No. 21-cv-01182-RMR-KMT, 2021 WL 5280190, at *3 (D. Colo. Nov. 12, 2021) (citing Colo. R. Civ. P. 4(g) for the proposition that service by mail "shall be allowed only in actions affecting specific property or status or other proceedings in rem"); *Namaste Judgment Enforcement, LLC v. King*, 465 P.3d 78, 83 (Colo. App. 2020) (holding that "hand delivery to the substituted person is required" under Colorado Rule 4(f)). This is fatal to the plaintiff's request. *U.S. Specialty Ins. Co. v. JOS Constr. Sols. LLC*, No. 24-cv-01384-SBP, 2024 WL 505595, at *2-3 (D. Colo. Nov. 8, 2024).

And second, the motion lacks any discussion of what steps the plaintiff has taken to contact Mr. Watts to ask if he will accept service on behalf of defendant Carlos Coreas in this action. It also fails to disclose if the plaintiff conducted any searches for alternative addresses for defendant Carlos Coreas. The motion simply states that the plaintiff hired two different process servers. ECF No. 70 at ¶ 5. The attachments to the motion indicate that one process server

3

attempted to serve the defendant at one address four times, ECF No. 70-1 at 1-2, and the other attempted to serve the defendant at two different addresses a total of three times, ECF No. 70-2. But neither gives information about defendant Coreas's relationship with those addresses or shows that there are no other addresses at which the plaintiff can serve defendant Coreas. As a result, the Court is not convinced that substitute service is appropriate at this time. *Colony Ins. Co. v. Bristlecone Montessori Sch.*, No. 20-cv-01269-CMA-STV, 2021 WL 50893, at *3 (D. Colo. Jan. 5, 2021).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Allow Substituted Service on Defendant Carlos Coreas Pursuant to F.R.C.P. 4(e)(1) and C.R.C.P. 4(f), ECF No. 70, is **DENIED without prejudice**.

Entered and dated this 19th day of March, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

4